# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL T. EATON, SR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-18-1224 |
| KEVIN P. GUISTWITE, | * | |
| BALTIMORE CITY CHILD SUPPORT ENFORCEMENT OFFICE, and | * | |
| MARILYN BENTLEY | | |
| | * | |
| Defendants | | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned civil rights complaint was filed on April 26, 2018, together with a motion to proceed in forma pauperis, which shall be granted.

In his complaint plaintiff alleges that "[t]he defendants worked together to violate my rights and/or conspired under 42 U.S.C. 1983 AND 18 U.S.C. 241[1] and have continued to do so to this day." ECF 1 at p. 5. Defendant Kevin Guistwite is the executive director of the Baltimore City Office of Child Support Administration and Marilyn Bentley is the Clerk of the Circuit Court for Baltimore City. *Id*. at p. 3. As relief, plaintiff seeks a full refund of $24,626 that was taken from him as well as a refund of $11,901.93 that defendants claim he owes, presumably in unpaid child support. *Id*. at p. 5. Additionally, he seeks compensatory damages. *Id*.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee.

---

[1] 18 U.S.C. § S241, entitled "Conspiracy Against Rights," is a criminal statute prohibiting the conspiracy against the rights or privileges secured by the Constitution or laws of the United States and making such conduct punishable by fine or imprisonment.

To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Self-represented pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. at 94. Nonetheless, this court has an "affirmative obligation" to prevent factually unsupported claims from proceeding to trial. *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)). Under Federal Rule of Civil Procedure 8(a), a pleading that sets forth a claim for relief shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

This complaint contains no factual allegations that support plaintiff's legal conclusion that defendants have violated his civil rights. There are no statements regarding how plaintiff's rights have been violated, nor can it be discerned why any alleged improprieties in the case concerning plaintiff's child support may not be addressed by the Maryland appellate courts. Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g., United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003); whether the complaint was clear enough to enable the defendant to know how to defend himself, *see, e.g., Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff was represented by counsel. *See, e.g., Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989). Here, none of the named defendants are provided any information that would inform their defense against this lawsuit.

Further, as the Clerk of the Circuit Court for Baltimore City, defendant Bentley is not responsible for collecting child support; thus, the basis for her liability is not discernible from the information provided in the complaint. The matters regarding plaintiff's child support obligations also concern matters of state law, and the complaint appears to invite this court to review the validity of state court decisions regarding the collection of arrearages in child support. State court appellate review is the appropriate avenue for such a challenge. Given that the precise nature of plaintiff's claims cannot be discerned from the complaint and the likelihood that it involves matters not appropriate for a civil rights complaint in this Court, the complaint will be dismissed without prejudice in a separate order that follows.

Dated this 1st day of May, 2018 .

FOR THE COURT:

_____/s/_____

James K. Bredar  
Chief Judge